**JOHN D. SULLIVAN**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: John.Sullivan@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

SEP 04 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 18-57-BLG-DLC |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| JOHN CAMERON SWIFT, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, represented by Assistant U.S. Attorney John D. Sullivan, and the defendant, John Cameron Swift, and his attorney, Marvin S. McCann, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other



AUSA   DEF   ATTY   Date   8-31-18

Page 1

federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count II of the indictment, which charges him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Count II of the indictment carries a mandatory minimum of 10 years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

The defendant also agrees to abandon all right title and interest in the property described in the forfeiture count of the indictment along with any property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as a result of the violations alleged in the indictment, including a Hi-Point C9, 9mm semi-automatic pistol (serial number P1458146). The defendant agrees to execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States.

The government will move to dismiss count I of the indictment at sentencing if the Court accepts the plea agreement.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). The defendant

TKG       8-31-18
AUSA   DEF   ATTY   Date                                                                 Page 2

acknowledges that the agreement will be fulfilled provided that the United States: (a) moves to dismiss, and the Court agrees to dismiss, count I of the indictment; and (b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and count I is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States. Fed. R. Crim. P. 11(c)(3)(B).

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is in fact guilty of the charge contained in count II of the indictment. In pleading guilty to count II, the defendant acknowledges that:

> First, the defendant knowingly possessed a substance containing a detectable amount of methamphetamine;
>
> Second, the defendant possessed it with the intent to deliver it to another person.
>
> In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the defendant possessed, with the intent to distribute, 500 or more grams of a substance containing a detectable amount of methamphetamine.
>
> It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.
>
> To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a

TKG _____ _____ 8-31-18
AUSA  DEF  ATTY  Date                                                Page 4

reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the United States Court of Appeals for the Ninth Circuit for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Federal Rule of Criminal Procedure 11. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, under USSG §3E1.1(a), and will move for an additional one level, under USSG §3E1.1(b), if appropriate under the Guidelines, unless the defendant is found to have obstructed justice prior to sentencing under USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waiver:** The defendant acknowledges that 18 U.S.C. § 3742(a) affords the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the defendant waives his right to appeal any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not, however, prohibit his right to pursue or maintain such an action alleging that he received ineffective assistance of counsel.

9. **Loss of Federal Benefits:** The defendant acknowledges, based on his plea of guilty to a federal controlled substance crime, that he is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The

TKG / DEF / ATTY / 8-31-18
AUSA  DEF  ATTY  Date

Page 7

Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

**10. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**11. Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

**12. Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement.

**13. Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this

plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

JOHN D. SULLIVAN
Assistant U.S. Attorney
Date: 9/4/18

ROBERT CAMERON SWIFT
Defendant
Date: 8-31-18

MARVIN S. McCANN
Defense Counsel
Date: 8/31/18